## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

EDNA O. BROWN,                          :

    Plaintiff,                         :

v.                                      :          CA 11-00199-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,        :

    Defendant.                         :

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI").   The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court.   (*See* Doc. 20 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").)   Upon consideration of the administrative record ("R.") (Doc. 11), the plaintiff's brief (Doc. 12), the Commissioner's brief (Doc. 16), and the arguments made by the parties at the December 16, 2011 Hearing, it is determined that the Commissioner's decision denying the plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals.   (*See* Doc. 20 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for

## Relevant Background

The plaintiff's application for SSI (R. 131-33), filed on August 21, 2006, was initially denied on December 27, 2006 (*see* R. 84-90).[2]   The plaintiff filed a timely request for hearing (R. 93) on January 8, 2007, and hearings were conducted before an Administrative Law Judge on September 11, 2008 (*see* R. 54-69) and February 5, 2009 (*see* R. 41-53).   On March 4, 2009, the ALJ issued a decision (R. 72-83) denying the plaintiff benefits—finding the plaintiff was not disabled at the fifth step of the sequential evaluation process—and the plaintiff sought review from the Appeals Council on March 10, 2009 (*see* R. 18-21).   The Appeals Council refused to overturn the ALJ's determination on March 16, 2011 (*see* R. 1-5)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on April 21, 2011 (*see* Doc. 1).

## Standard of Review

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical

---

this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

[2]       The plaintiff's application for Disability Insurance Benefits (R. 126-30), filed and denied on the same dates, was dismissed pursuant to her request at a hearing conducted on September 11, 2008 (*see* R. 54-69).

findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.   *Id.*   Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).   Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence.   Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."   *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence."   *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).   And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if

the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

### Discussion

On appeal to this Court, the plaintiff asserts two separate claims:

1.  The Commissioner erred in failing to give the appropriate deference to the opinions of the plaintiff's treating psychiatrist, Dr. Amyx; and

2.  The Commissioner erred in finding that the plaintiff has the residual functional capacity to perform work at the "medium" level of physical exertion.

Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on the plaintiff's second claim, there is no need for the Court to consider the plaintiff's first claim.[3]   *See Robinson v. Massanari*, 176

---

[3]      However, because the plaintiff's first claim presents an unusual situation, it merits some discussion.  The basis for this claim is that while the ALJ's decision provides that "**[n]o** treating psychiatrist or psychologist has provided specific opinions regarding the claimant's residual mental abilities" (R. 81 (emphasis added)), the plaintiff contends that her treating psychiatrist, the late Dr. Barry Amyx, did indeed provide such an opinion (Ex. 16F in the record, *see* R. 396-98) by signing an RFC that appears to have beem completed by Fairlie Schreiber, LCSW, on July 14, 2008 (*compare* R. 396 (cover letter from the plaintiff's counsel to the ALJ ("Enclosed please find a Mental [RFC] form dated July 14, 2008 **from** Fairlie Schreiber, LCSW, for the above-referenced client.") (emphasis added)), *with* R. 398 (the RFC form is signed by Ms. Schreiber and, presumably, Dr. Amyx, but only "Fairlie Schreiber" appears on the line designated "Print Name" below the signature line)).  Further, in his decision, "[t]he [ALJ] assigned **no** evidentiary weight to the opinions of the claimant's therapist, Fairlie Schreiber[, because] Ms. Schreiber is a licensed clinical social worker, and thus, not an acceptable medical source as defined in 20 C.F.R. 416.913(a)."   (R. 81 (emphasis added).)

On appeal, the Commissioner contends that "[w]ith respect to Dr. Amyx, although Plaintiff characterizes him as a treating physician, and although he co-signed the July 14, 2008 statement, he appears to have examined Plaintiff **only once**."  (Doc. 16 at 9 (emphasis in original).)  The plaintiff, likely anticipating this argument, asserts that remand is necessitated not only by the ALJ's failure to give controlling weight to Dr. Amyx's opinion, but moreover, because the ALJ **ignored that opinion entirely**.   (*See* Doc. 12 at 10.)

F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563

(11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,'

we do not consider the appellant's other claims.").

    A.    <u>Pertinent ALJ findings</u>.[4]

    **3.**    **The claimant has the following severe impairments: major depression, panic disorder, lumbar degenerative disc disease, and hypertension.**

.        .        .

    **5.**    **The claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that she cannot climb ladders, ropes, or scaffolds. She cannot work around exposure to heights or dangerous machinery. She cannot operate automotive equipment. She is limited to tasks requiring**

---

Based on this Court's review, nowhere in the record does it appear that the ALJ was told that the July 14, 2008 RFC was completed by Dr. Amyx. Indeed, plaintiff counsel's own cover letter transmitting this evidence to the ALJ states that the RFC was completed by Ms. Schrieber. (*See* R. 396.) Accordingly, the plaintiff may not now claim that the ALJ—because he determined that the mental RFC was submitted by an unacceptable medical source, Ms. Schrieber—committed error by not realizing that the mental RFC was signed by Dr. Amyx when the plaintiff's own counsel, at least in part, invited the asserted error. (*See* R. 396-98). *See Tracy v. Asture*, 518 F. Supp. 2d 1291, 1305-06 (D. Kan. 2007) ("In this case, the attorney clearly and unambiguously asserted to the ALJ that he did not believe that his client met a listing. It is therefore clear that plaintiff's counsel induced or invited the ALJ at step two to find that plaintiff did not meet a listed impairment. Therefore, the court holds that the doctrine of invited error bars the plaintiff from raising this issue on appeal."); *Bailey v. Astrue*, 739 F. Supp. 2d 1365, 1377 n.9 (N.D. Ga. 2010) (applying *Tracy*); *see also Luthi v. Astrue*, Civil Action No. 10–2164–JWL, 2011 WL 2148577, at *10 (D. Kan. May 31, 2011) ("The ALJ's error, if any, in failing to recognize additional side effects suggested in the earlier hearing was invited by Plaintiff and the invited error doctrine would preclude a remand on that basis."); *Hughes v. Astrue*, Civil Case No. 07-1850-JE, 2009 WL 3245815, at *11 (D. Or. Sep. 30, 2009) ("If the ALJ erred in allowing Dr. Haynes to testify, this was an error which plaintiff's counsel invited, and one of which plaintiff cannot now complain."), *rev'd on other grounds*, 450 Fed. App'x 218 (9th Cir. 2010).

    [4]    The ALJ's decision appears at R. 72-83. Record evidentiary citations are omitted from the excerpted findings.

**only one and two step instructions, with no interaction with the general public.   She can interact with supervisors and coworkers no more than occasionally.   She can tolerate changes in the work setting no more than occasionally.**

.                         .                         .

The claimant alleges disability because of depression, anxiety attacks, back pain, and hypertension.   Her residual functional capacity has been reduced from the very heavy exertional level to the medium level to accommodate, inter alia, her occasional mild to moderate pain.

.                         .                         .

In terms of the claimant's alleged back pain, x-rays show minor abnormality, and Dr. Madden's exam findings were essentially normal, and he found no significant limitation of ability to stand, walk, sit, lift, carry, handle objects, travel, etc.   Medical treatment records also support a finding of mild to no limitation.   The claimant subjectively rated her pain at zero on many occasions during 2005 through 2008.   She rated her pain at 4/10 on one occasion in April 2006.   The claimant stated at the hearing that Ibuprofen is effective in relieving her back pain.   Although her blood pressure has been significantly elevated on occasion, in general it is adequately controlled with medication.   Her treating physician noted no need to return for 10 weeks in September 2008.

.                         .                         .

**6.      The claimant is unable to perform any past relevant work (28 CFR 416.965).**

The claimant has past relevant work as a cashier/checker and a teacher's aide.   She can no longer perform the requirements of these occupations. Accordingly, the claimant is unable to perform past relevant work.

.                         .                         .

**10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).**

.                         .                         .

If the claimant had the residual functional capacity to perform the full
range of medium work, a finding of "not disabled" would be directed by
Medical-Vocational Rule 203.22 and Rule 203.15.     However, the
claimant's ability to perform all or substantially all of the requirements of
this level of work has been impeded by additional limitations.     To
determine the extent to which these limitations erode the unskilled
medium occupational base, the Administrate Law Judge asked the
vocational expert whether jobs exist in the national economy for an
individual with the claimant's age, education, work experience, and
residual functional capacity.   The vocational expert testified that given all
of these factors the individual would be able to perform the requirements
of representative occupations such as a cleaner, industrial (300,000 in the
national economy); laborer, store (250,000 in the national economy); and
cleaner, hospital (180,000 in the national economy).

.            .            .

B.     Analysis.

The only physical consultative examination before the ALJ was performed by Dr.

Michael C. Madden on November 21, 2006.   (*See* R. 303-08.)   According to his report,

Dr. Madden's impression was that the plaintiff was suffering from anxiety and lumbar

back pain (R. 304), but he concluded that the plaintiff's "ability to do work-related

activities"—which, as noted in his report, the plaintiff last performed "in 2004 as an

assistant Pre-K teacher" (R. 303)—"such as sitting, standing, walking, lifting, carrying,

handling objects, hearing, speaking[,] and traveling appears to be adequate for normal

duty."   (R. 304.)   Dr. Madden did not complete a physical capacities evaluation

("PCE").   Nor did he otherwise describe the plaintiff's residual functional capacity.

And, as this Court has noted, where an ALJ, for example, rejects a physical RFC, or—as

is the case here—a medical source neither completes a physical RFC (nor a PCE),

the ALJ necessarily had to point to[, for example,] another PCE which supported his fifth-step determination that plaintiff can perform [medium] work activity. Because this record contains no physical RFC assessment . . . there is simply no basis upon which this Court can find that the ALJ's [medium] work RFC determination is supported by substantial evidence. . . . [A]n ALJ's RFC determination must be supported by substantial and tangible evidence, not mere intuition or conjecture regarding what the evidence of record as a whole equates to in terms of physical abilities.

*Fisher v. Astrue*, No. CA 08-0062-C, 2008 WL 4417325, at *4 (S.D. Ala. Sep. 23, 2008)

(citation omitted); *cf. Lewis v. Sec'y of Health & Human Servs.*, 842 F.2d 332, 1988 WL

23767, at *1 (6th Cir. Mar. 14, 1988) (reversing district court decision affirming the denial

of benefits where "[t]he government presented one medical report prepared by its own

consultative physician who did not complete a physical capacities evaluation report, or

otherwise describe Lewis' residual functional capacity[, but merely] state[d] that Lewis

is tender in the region of her shoulder blades and in the lumbar paraspinal area[, and]

concluded that Lewis moves freely," compared to the plaintiff's presentation of two

reports from radiologists . . . indicat[ing] that she suffer[ed] from osteoarthritis or

degenerative disc disease"; one radiologist also completed a PCE "and determined that

Lewis can sit for two hours, stand and walk for one hour each and occasionally lift no

more than five pounds").

The record in this case is further muddled because the ALJ determined that the

plaintiff can perform work at a medium level of physical exertion, which is a higher

exertional level than that associated with her past employment. As the plaintiff put it

in her brief,

> [n]otably, Ms. Brown has never, in her career of work, worked at more than the "light" level of physical exertion, either at Eckerd's, Harco, or even at the child care center.   Upon what evidence, then, does the Commissioner base his determination that Ms. Brown can now perform at a heavier level of exertion than she has ever performed in the past?

(Doc. 12 at 15 (citation omitted).)   (*See also* R. 49-51 (wherein the ALJ only considered the plaintiff's past employment at Harco Drug Store, which the vocational expert ("VE") described as a pharmacy technician per the Dictionary of Occupational Titles and was classified as light/semi-skilled work, but then posed hypotheticals to the VE assuming the plaintiff was "limited to the medium exertional category").)

While an ALJ may certainly make such a determination, there must be substantial evidence to support that determination.   For example, in *Squires v. Astrue*, Civil No. 07-5096, 2008 WL 1776941 (W.D. Ark. Mar. 24, 2008), the court rejected a plaintiff's argument "that the ALJ [erred] in concluding that she could return to work at a heavier exertional level than she had ever performed in the past."   *Id.* at *9.   In doing so, the court noted that the VE was present during the **plaintiff's description** of her past work as a caregiver and "categorized the caregiver job **based on plaintiff's own description** of the position, which would qualify the job as heavy work" under the regulations.   *Id.* (citations omitted and emphasis added); *see also Dooley v. Astrue*, Civil Action No. CV209-159, 2010 WL 5834049, at *6 & *8 (S.D. Ga. Oct. 26, 2010) (rejecting the plaintiff's asserted error "that the residual functional capacity [the] ALJ [ ] found him to have[—medium—]is of a heavier exertion than Plaintiff's past relevant work, which the ALJ found Plaintiff incapable of performing" because the ALJ's finding was supported

9

by substantial evidence and, moreover, "the ALJ found Plaintiff was able to perform several other jobs at the light and sedentary exertional levels").

Here, however, the only physical consultative examination of the plaintiff concluded that her "ability to do work-related activities . . . appears to be adequate for normal duty." (R. 304.) This conclusion—which neither takes the form of an RFC or a PCE—is not substantial evidence to support the ALJ's determination that the plaintiff can perform work in the medium exertional category, *see Fisher*, 2008 WL 4417325, at *4, and this evidence is even less substantial here because the ALJ concluded that the plaintiff can **now** perform work at an exertional level that is heavier than her past relevant work.

## Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 29th day of December, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**